UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT SHARP** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   No. 3:22-cv-0905 |
| | ) |
| **JOHN DUSTIN CARR, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION**

Robert Sharp ("Sharp") filed this action against the Chief of Police of the City of Millersville, Tennessee, John "Dustin" Carr ("Carr") and Captain Charles Consiglio ("Consiglio") in their individual capacities on November 8, 2022. Before this Court are Defendants' Motions to Dismiss (Doc. Nos. 23, 26) to which Sharp responded in opposition (Doc. No. 34), and Defendants replied (Doc. Nos. 39 and 40). For the following reasons, Defendants' motions will be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Sharp filed this defamation action alleging that both Defendants defamed him in the media to derail his reputation. Specifically, Sharp alleges that Carr falsely and maliciously published false statements that Sharp stole property from the City of Millersville, and that Consiglio published false statements about a pursuit of a suspect that led to an arrest and drug seizure. Sharp seeks damages and brings the following claims (1) defamation (Count I), (2) false light (Count II), and (3) defamation by implication or innuendo (Count III).

On November 8, 2022, Sharp filed the first notice of summonses to be issued to both Defendants. (Doc. No. 4). On January 19, 2023, the summonses for both Defendants were returned as unexecuted. (Doc. Nos. 7, 8). Sharp then filed notices of alias summonses to both

1

Defendants on February 15, 2023. (Doc. Nos. 12, 13). On February 18, 2023, Carr was personally served. (Doc. No. 18). Sharp sent Consiglio's summons via certified mail. On February 21, 2023, Amy Wilkins, a City of Millersville clerk, signed the return receipt for Consiglio's summons. (Doc. No. 17; see also Doc. No. 24 at 3).

On February 23, 2023, the Magistrate Judge ordered Sharp to file a notice of the status of service of process by March 2, 2023. (Id.). Sharp filed proof of service on (1) Consiglio (via the certified mail receipt signed by Wilkins) on February 24, 2023, and (2) Carr on March 1, 2023. (Doc. Nos. 17, 18). On March 14, 2023, Consiglio filed a Motion to Dismiss pursuant to Federal Rule Civil Procedure 12(b)(5), arguing that Sharp failed to properly effect service as required by Rule 4(e) and failed to serve him the Complaint and Summons within the 90-day timeframe required by Rule 4(m). (Doc. No. 23). Carr filed a similar Motion to Dismiss on March 27, 2023. (Doc. No. 26).

While briefing was ongoing, Sharp filed a second notice of alias summons to Consiglio on May 2, 2023, and Consiglio was personally served on May 8, 2023. (Doc. No. 38). On May 18, 2023, Sharp filed an untimely response in opposition to the motion to dismiss. Although normally the Court may disregard a late filed opposition and deem the motion unopposed, see Local Rule 7.01(a)(3), the Court will exercise its discretion to consider Sharp's opposition and Defendants' reply.

II. LEGAL STANDARD

A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides that the Court may dismiss an action for "insufficient service of process." Fed. R. Civ. P. 12(b)(5); see also King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012) (citations and internal quotation marks omitted) ("[W]ithout proper service of

2

process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,] ... [a]nd in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication."). When a defendant files a motion to dismiss under Rule 12(b)(5), the plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that proper service was made." Mullins v. Kalns, No. 99-4301, 2000 WL 1679511, at *3 (6th Cir. Nov. 3, 2000) (citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)).

III.   ANALYSIS

   A. Federal Rule of Civil Procedure 4(e)

Consiglio argues that Sharp failed to effect proper service because he attempted to serve him by certified mail at his workplace and the summons was signed by an individual who was not Consiglio's authorized agent. This Court agrees. Rule 4(e) provides that service of an individual in a United States judicial district may be accomplished in one of two ways. First, service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Second, service may be accomplished by (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with some person of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Regarding the first method, Tennessee state law mirrors the Federal Rules with respect to service of process on an individual. See Tenn. R. Civ. P. 4.04(1). Tennessee Rule of Civil Procedure 4.04(10) provides that service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute." Tenn.

3

Case 3:22-cv-00905   Document 56   Filed 02/23/24   Page 3 of 7 PageID #: 180

R. Civ. P. 4.04(10); Dolan v. United States, 514 F.3d 587, 595 (6th Cir. 2008). Rule 4.03(2) requires any party attempting service by mail to file with the clerk "the original summons ...; an affidavit of the person making service setting forth the person's compliance with the requirements of [Rule 4.03(2)]; and the return receipt ...." Hall v. Haynes, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting Tenn. R. Civ. P. 4.03(2)). If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. Tenn. R. Civ. P. 4.03(2).

Sharp has offered no proof that he effected service by certified mail in compliance with Tennessee law. He attempted to serve Consiglio by certified mail addressed to the City of Millersville. However, Wilkins, not Consiglio, signed the return receipt for the February 21 summons, and there is no indication that Wilkins is a "person designated by Rule 4.04 or by statute" to accept service on Consiglio's behalf. See Halls v. Haynes, 319 S.W.3d. 564, 577 (Tenn. 2010) (explaining that defendant or authorized agent must sign the return receipt); Tenn. R. Civ. P. 4.03(2). Sharp offers no evidence to the contrary.

Nor has Sharp properly served Consiglio in accordance with Rule 4(e)'s second method as Sharp did not personally serve Consiglio or leave a copy at Consiglio's dwelling or usual place of abode. Thus, Sharp did not properly effect service in accordance with Rule 4(e).

### B. Federal Rule of Civil Procedure 4(m)

Even if Sharp had effected service of process, he still failed to properly serve the Defendants within the required timeframe. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court

must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even when a plaintiff has not shown good cause. United States v. Oakland Physicians Med. Ctr., LLC, 44 F.4th 565, 568 (6th Cir. 2022) (citing Fed. R. Civ. P. 4(m)).

Absent an extension, Sharp had until February 8, 2023, to timely serve the Defendants. Carr was personally served on February 18, 2023(100 days after the Complaint was filed), and Consiglio was personally served on May 8, 2023(200 days after the Complaint was filed). Sharp offers no good cause for his untimely service of process. Instead, Sharp argues that: (1) he listed Defendants' work addresses for safety and privacy reasons, (2) he sent Consiglio's summons by certified mail due to a miscommunication, and (3) Consiglio was evading service. Those arguments hold little weight, given that the first summonses were returned unexecuted on January 19, 2023, which is within the 90-day service period. Nevertheless, Sharp did not file alias summonses until February 16, 2023, which is after the 90-day service period. Habib v. Gen. Motos Corp., 15 F.3d 72, 75 (6th Cir. 1994) (reversing district court's finding of lack of good cause because plaintiff "immediately attempted to make service with the magistrate's instructions."). So regardless of Sharp's arguments, Defendants would not have been served within the 90-day service period. Furthermore, miscommunication does not establish good cause. See Slenzka v. Landstar Ranger, Inc., 204 F.R.D. 322, 324 (E.D. Mich. 2001) ("inadvertence and miscommunication ... are not enough to establish good cause.").

Sharp's half-hearted efforts to serve Consiglio through an unauthorized agent paired with his two months delay to issue an alias summons after Consiglio moved to dismiss does not constitute good cause. Friedman v. Est. of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991) ("[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory

5

Case 3:22-cv-00905   Document 56   Filed 02/23/24   Page 5 of 7 PageID #: 182

period does not constitute good cause."). Sharp has not offered any good cause as to why he failed to serve the Defendants, nor did he request an extension. The Court will now consider whether an extension of service is warranted in absence of good cause.

The Sixth Circuit instructs district courts to consider the following seven factors to determine whether it should extend the time for service absent a finding of good cause: (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case. Oakland Physicians' Med. Ctr., LLC, 44 F.4th 565, 569 (6th Cir. 2022).

There are three factors that weigh in favor of an extension. Defendants had notice of this lawsuit, the action was only pending 100 days before Carr was served, and Sharp's claims would be time barred if re-filed. See Tenn. Code Ann. § 28–3–104(a)(1) (one year statute of limitations for libel defamation and false light). However, the remaining factors tip the scale, weighing heavily against an extension—the action was pending for almost 200 days before Consiglio was served, Sharp is not a *pro se* litigant, Defendants would be prejudiced because damages accumulated during the delay due to the nature of the claims, and there are no equitable factors that weigh in favor of the extension. There is little evidence to demonstrate good cause or to demonstrate good faith efforts and diligence.

In sum, the Court finds no reason to extend Sharp's time to effect service of process when he has not even requested an extension, let alone provide good cause, or other reasons why he should receive more time. Thus, dismissal without prejudice is warranted.

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss. An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE